[No. 6344.]

## CALLBREATH v. HUG.

1. **Limitations—Seven Years Occupancy Under Record Title** —A complaint to quiet the title to land which shows actual residence of the plaintiff for seven successive years, under a connected title deducible of record from a sale thereof by the sheriff of the county, under execution from a court of competent jurisdiction, states a cause of action, even though it affirmatively appears that the lands were the homestead of the execution defendant, and that no patent issued to him until many years subsequent to the plaintiff's levy.—(98)

Under the statute of limitations (Rev. Stats., sec. 4087) the defendant in execution is precluded from questioning the effect of the execution sale, and his creditors are precluded in like manner.—(98)

2. **Quieting Title—Plaintiff's Title—**One in possession of lands and entitled to the protection of the statute of limitations, may have a bill to quiet his title.—(98)

*Error to Custer District Court*—Hon. MORTON S. BAILEY, Judge.

Mr. CHARLES F. CARNINE for plaintiff in error.

No appearance for defendant in error.

In July, 1906, defendant in error, as plaintiff below, brought an action in the nature of a suit in equity against plaintiff in error and Daniel and Martha B. Hug, the purpose of which was to quiet and remove a cloud on her title to certain lands. The defendants, except plaintiff in error, defaulted. Plaintiff in error filed a demurrer to the complaint, challenging it upon

two grounds: (1) That it did not state a cause of action; and (2) that it appeared plaintiff's cause of action was barred by the statute of limitations. The demurrer was overruled, and the demurrant, having elected to stand on his demurrer, a decree was entered granting plaintiff the relief demanded in her complaint, and quieting her title to the real estate involved as against the defendants and each of them. From this decree the defendant Callbreath has brought the case here for review on error.

According to the averments of the complaint and the bill of particulars subsequently filed in connection therewith, so far as material to consider, the defendant Daniel Hug, in June, 1882, claimed and entered the lands in controversy under the Homestead Act, and lived thereon with plaintiff, his wife, until August, 1888, at which time he deserted her, leaving her in possession of the premises; that on April 21, 1890, he made final proof upon his homestead entry but did not pay the government the final fee, and receive his receiver's receipt until May 22, 1905, upon which receipt a patent was issued November 8th following. June 6, 1890, the plaintiff obtained a decree of divorce from the defendant Hug, and judgment for alimony in the sum of one hundred dollars per month. By this decree plaintiff was also awarded the custody of their minor children. On December 14, 1895, the plaintiff caused execution to issue upon her judgment which was levied upon all the right, title and interest of the defendant in the lands in controversy, which were thereafter sold at sheriff's sale. On January 28, 1896, a sheriff's certificate of sale was delivered to plaintiff, conveying to her the right, title and interest of the defendant Hug in the property so levied upon and sold; and on December 17th following she received a sheriff's deed for these premises, which she filed for record the same day.

It is also alleged that the defendant Hug, on receipt of patent to these lands, executed a conveyance to Martha B. Hug, one of the defendants, and that on March 23, 1906, the defendant Callbreath commenced an action in the district court of the city and county of Denver, against Daniel and Martha B. Hug, upon which a writ of attachment was issued under and by virtue of which, on April 10, 1906, the premises described in the complaint were levied upon.

The complaint also alleges that plaintiff has for more than ten years next preceding the commencement of her action, cultivated the lands involved, and resided thereon as her home, and during that period has been in the continuous, open, adverse, actual and exclusive possession of such lands as her own, claiming the same in fee simple under the sheriff's deed above mentioned, without break or interruption of any claim of any kind or nature made by the defendants, or either of them, in such premises.

Mr. JUSTICE GABBERT delivered the opinion of the court:

If the complaint states a cause of action, it is unnecessary to consider any other question urged upon our attention by counsel for the plaintiff in error. The argument of counsel is to the effect that according to the averments of the complaint it appears that Mrs. Hug, the plaintiff below, never acquired any title to the premises as against the defendant, Daniel Hug, and therefore the levy of the attachment in the action of plaintiff in error against Daniel and Martha B. Hug gave him a lien superior to the right, title and interest of the plaintiff. In support of this proposition it is urged that lands taken under the Homestead Act are not subject to sale under execution on any judgment based on an indebtedness of the entryman

contracted prior to the issuance of patent therefor. It is not necessary to determine this question.

Plaintiff commenced her action in July, 1906. According to the facts in her complaint, she has occupied the lands in question as her home, and been in the open, continuous, adverse, actual and exclusive possession thereof, claiming the same in fee simple ever since December 17, 1896, under a sheriff's deed obtained and recorded on that date, by virtue of a sale of the premises under an execution issued on a judgment in her favor and against Daniel Hug, without any break or interruption whatsoever, or any claim of any kind or nature made by the defendants, to such premises, for more than seven successive years preceding the commencement of her action. These facts state a cause of action under section 4087, Rev. Stats., which provides, in substance, that actions brought for the recovery of land of which any person may be possessed by actual residence thereon for seven successive years, having a connected title in law or equity, deducible of record from any officer authorized to sell such land under execution, shall be brought within seven years next after possession taken. This statute, under the facts stated, precludes Daniel Hug from questioning the sale of the land under execution. All his right, title and interest in the premises have vested in the plaintiff by virtue of the sheriff's deed issued to her; consequently, Martha B. Hug took nothing by the deed to her. Neither of the defendants having any interest in the premises at the time plaintiff in error levied his attachment, it follows, as of course, that he did not acquire any lien by such levy.

The judgment of the district court is affirmed.

*Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE HILL concur.